

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Jacobs v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jacobs v. Philadelphia" (2006). *2006 Decisions.* Paper 122.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/122

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED SATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4163

———————

DERRICK U. JACOBS,

Appellant

v.

CITY OF PHILADELPHIA; CAPTAIN JOSEPH O'DONNELL

———————

Appeal from the District Court
for the Eastern District of Pennsylvania
District Court No. 03-cv-00950
District Judge: Honorable Michael M. Baylson

———————

Submitted under Third Circuit LAR 34.1(a)
on September 26, 2006

Before: RENDELL, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed: December 7, 2006)

———————

OPINION

———————

**ROTH**, <u>Circuit Judge</u>:

Derrick Jacobs is a detective with the Northwest Detectives division of the

Philadelphia Police Department. On February 19, 2003, Jacobs, an African-American, filed a complaint against the City of Philadelphia and Captain Joseph O'Donnell, alleging violations of federal and state racial discrimination laws. The case proceeded to a jury trial, and after the jury returned a verdict in favor of the defendants, the District Court entered judgment for the defendants on December 27, 2004. Jacobs filed post-trial motions to amend the verdict and for a new trial; those motions were denied in August 2005. Jacobs timely appealed. For the reasons set forth below, we will affirm the judgment of the District Court.

At trial, Jacobs sought to prove (1) a claim against Philadelphia under Title VII of the Civil Rights Act of 1964 (relying on multiple theories of discrimination, including hostile work environment and retaliation); (2) claims against O'Donnell under 42 U.S.C. § 1981 and 42 U.S.C. § 1983;[1] and (3) claims against Philadelphia and O'Donnell under the Pennsylvania Human Relations Act. Jacobs presented evidence intended to prove, in part, the following: two instances when his supervisors made racially disparaging comments, discipline and surveillance to which he was subjected in conjunction with his taking stress-related sick leave, negative performance evaluations that he received after O'Donnell became his supervisor, and disparities in treatment between white and black officers. Philadelphia and O'Donnell denied taking any racially-motivated actions against Jacobs and offered evidence intended to prove, in part, that to the extent Jacobs was subject to differential

---

[1]The District Court dismissed § 1981 and § 1983 claims against the City of Philadelphia.

treatment, it was because he was a "difficult employee." According to Philadelphia and O'Donnell, Jacobs had a number of attendance problems, failed to document his sick leave, and falsified an investigation form relating to the ex-boyfriend of his then-fiancée. This last incident resulted in Jacobs receiving a twenty-day suspension.

Counsel on each side proposed jury instructions. On December 21, 2004, the District Court held a conference with the attorneys regarding the jury charge and verdict sheet. At the charge conference, Jacobs's counsel objected to the language in the instructions for the harassment/hostile work environment claim because it implied that an affirmative defense exists in all circumstances, even though the defense is unavailable when the plaintiff is able to prove that he suffered a tangible adverse employment action.[2] In response, counsel on both sides worked with the Court to refine the language in both the jury charge and the verdict sheet to better reflect the correct law. Jacobs's counsel agreed to the amended

---

[2]In order to establish a successful claim, a plaintiff must establish that he suffered harassment caused by a hostile work environment, with the following factors to be proved by a preponderance of the evidence: (1) the plaintiff suffered intentional discrimination because of his or her membership in the protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would have detrimentally affected a reasonable person of the same protected class in that position; and, (5) the existence of *respondeat superior* liability. West v. Philadelphia Elec. Co., 45 F.3d 744, 753 (3d Cir. 1995). Where the defendant has not been found to have taken any adverse employment actions against the plaintiff, the defendant may attempt to establish an affirmative defense by showing that the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. Faragher v. City of Boca Raton, 524 U.S. 775, 805 (1998); Burlington Indus. v. Ellerth, 524 U.S. 742, 764-65 (1998).

instructions.

The jury returned a verdict in favor of the defendants. Although the jury found that Jacobs had been treated differently from other detectives who were not African-American, that he had suffered intentional discrimination because of his race, and that he had satisfied most elements of the hostile work environment claim, it nonetheless found that he did not prove any of his federal claims. The jury repeatedly found that Jacobs suffered no adverse employment actions against him. The jury did find that Jacobs had proved his state law claim against O'Donnell, but it awarded him no damages. The District Court entered the verdict without objection and denied Jacobs's post-trial motions to amend the verdict and for a new trial.

The District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291. We review the District Court's ruling on the motion for a new trial for abuse of discretion. Brennan v. Norton, 350 F.3d 399, 430 (3d Cir. 2003). Our review of the District Court's ruling on the motion to amend the judgment varies with the nature of the underlying decision. Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348-49 (3d Cir. 1986). We exercise plenary review to determine whether jury instructions misstated the applicable law, but in the absence of a misstatement we review for abuse of discretion. See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 513 (3d Cir.1997). If the party claiming error did not make a timely objection, we review for plain error. See Ryder v. Westinghouse

4

Elec. Corp., 128 F.3d 128, 136 (3d Cir.1997).

Although Jacobs objected to the instructions for the hostile work environment claim, the District Court amended the instructions and Jacobs did not object to the amended instructions. Under FED. R. CIV. P. 51, a party must raise any objections to jury instructions prior to the time the jury begins its deliberations. See also Alexander v. Riga, 208 F.3d 419, 426 (3d Cir. 2000). Although we have held that a party has not waived the argument where it would have been futile for him to object, he must make his opposition to the instructions clear to the District Court. Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc., 180 F.3d 542, 550 (3d Cir. 1999). Because Jacobs agreed to the amended instructions, we do not believe he raised a timely objection or in any way conveyed his opposition to the language he now challenges. As such, we are limited to a review for plain error.

Plain error is also the appropriate standard by which to review Jacobs's argument that the jury's responses were inconsistent. We have held that under FED. R. CIV. P. 49, a party waives his right to argue that jury interrogatories provoked inconsistent responses if he does not object prior to the jury's dismissal. Inter Med. Supplies, Ltd. v. Edi Med. Sys., 181 F.3d 446, 463 (3d Cir. 1999); Herskowitz v. Nutri/System, 857 F.2d 179, 188-89 (3d Cir. 1988).[3] Jacobs waived his inconsistency argument because he raised no such objection before the jury was excused. We therefore limit our review on this question to plain error.

_____

[3]Because Jacobs has waived his argument under either Rule 49(a) (special verdicts) or Rule 49(b) (general verdicts), we need not determine whether the verdict in this case was general or special.

5

Under plain error review, we will reverse only if the trial court committed error that was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance on a fundamental question, and the District Court's refusal to consider the issue would result in a miscarriage of justice. Alexander v. Riga, 208 F.3d 419, 426-27 (3d Cir. 2000). Neither the juror instructions nor the juror responses gave rise to error of this nature.

First, Jacobs argues that Interrogatory B3, which required jurors to find that race was "the determinative factor for the actions," added an unnecessary element to the hostile work environment claim or confused the jurors regarding when the relevant affirmative defense was available. It did not. We agree with the District Court that Interrogatory B3 merely compressed the element of causation with the affirmative defense which the parties discussed at the charging conference. The District Court correctly explained both causation and the affirmative defense in its instructions to the jury, and to the extent that Interrogatory B3 was likely to cause any juror confusion, we agree with the District Court that the confusion – due to the lack of any explicit mention of the affirmative defense – would have been to the likely benefit of Jacobs.

Neither were the juror responses so inconsistent as to have necessitated a new trial or an amended verdict. Jacobs claims inconsistency because the jury found for him on the state law claim but against him on the §1981 and 1983 actions against O'Donnell. Given the different showings necessary under these different theories, we agree with the District Court

6

that these findings are not necessarily inconsistent.

Jacobs also challenges the District Court's decision not to grant a new trial on the basis of the jury's verdict being against the weight of the evidence. We believe the District Court acted well within its discretion. A new trial because the verdict is against the weight of the evidence should be granted only "when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). A jury is free to assess the credibility of witnesses and to believe or disbelieve the facts presented by each side. In this case, the accounts presented by each side differed considerably, and a reasonable jury was entitled to make findings favoring either side.

Finally, Jacobs challenges an evidentiary ruling, arguing that the District Court wrongfully excluded as excessively prejudicial testimony by Jacobs regarding narcotics found on his desk at work. Jacobs does not deal with narcotics as part of his job, and he speculates that someone planted the drugs out of racial animus. Jacobs sought to testify as to the incident, either to establish an additional instance of racially motivated behavior or to provide an explanation, in response to questioning by defendant's counsel, as to why he experienced stress even after O'Donnell had been transferred. The District Court refused to admit this testimony for either purpose because it was both speculative and highly inflammatory, and thus unfairly prejudicial in light of its possible probative value within the meaning of FED. R. EVID. 403 . We review the District Court's determinations concerning

7

the admissibility of evidence for abuse of discretion. <u>Karkkainen v. Kovalchuk</u>, 445 F.3d 280, 288 (3d Cir. 2006). We share the District Court's concern regarding the speculative and prejudicial nature of this evidence, and we believe that it acted within its sound discretion.

For the reasons stated above, we will affirm the judgment of the District Court.